IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:06-CV-05 (DF) |
| | : | |
| H & H LAND DEVELOPMENT CORPORATION; BOBBY A. HOLCOMB, SR.; BOBBY A. HOLCOMB, JR.; ROBIN MALONE; and RANDY BLAIR, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

Before this Court is Plaintiff Essex Insurance Company's Motion to Add McNeal Agency, Inc., as an Additional Party Defendant (doc. 23). For the reasons stated below, Plaintiff's motion is **GRANTED**.

Based on Plaintiff's submissions, the Court finds that the joinder of McNeal Agency fits comfortably within the rule for permissive joinder of parties as articulated in Rule 20 of the Federal Rules of Civil Procedure. With respect to the joinder of defendants, Rule 20 provides:

1

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (West 2006).

In this case, Plaintiff seeks a declaratory judgment to resolve the question of whether Commercial General Liability Policy No. 3CL0169 issued by Plaintiff to H & H Land Development, Bobby A. Holcomb, Sr., and Bobby A. Holcomb, Jr. required Plaintiff to defend or indemnify the foregoing parties in an action filed against them by Robin Malone and Randy Blair in the Superior Court of Peach County, Georgia. (Compl., doc. 1, ¶ 1.) Defendants in the present action—H & H, the Holcombs, Malone, and Blair—allege in their counterclaim (doc. 14) that McNeal Agency, an independent insurance agency, was the Plaintiff's retail agent in negotiations for the CGL policy at issue in this case, and that certain facts known to McNeal Agency at the time the policy was issued should be imputed to Plaintiff.

Defendants' counterclaim indicates that Plaintiff's duty to indemnify H & H and the Holcombs will depend, at minimum, on the scope of Plaintiff's relationship with McNeal Agency and the circumstances surrounding the issuance of the CGL policy. Therefore, Plaintiff's right to relief, if any, against McNeal Agency arises out

of the same transaction or occurrence (i.e. the issuance of the CGL policy) as its claim against the present Defendants, and there are questions of law or fact common to all Defendants.

Accordingly, Plaintiff Essex Insurance Company's Motion to Add McNeal Agency, Inc., as an Additional Party Defendant (doc. 23) is hereby **GRANTED**.  *See* Fed. R. Civ. P. 20(a).

SO ORDERED, this 19th day of September, 2006.

**/s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab